IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIO CHAVEZ, #Y32297, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 19−cv−00377−NJR |
| vs. | ) ) |
| LORI CUNNINGHAM, *Health Care Administrator*, and WEXFORD HEALTH SOURCES, INC., | ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Julio Chavez, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), recently filed a "Declaration in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction" ("Motion for Injunctive Relief") (Doc. 1, pp. 1-4). The Motion for Injunctive Relief is accompanied by a Memorandum of Law captioned "Julio Chaves Plaintiff v. Health Care Administrator, Lori Cunningham – Wexford Health Sources, Inc., et., al." (Doc. 1, pp. 5-10). Plaintiff did not file a separate complaint.

To properly initiate a new suit, Plaintiff must file a complaint. *See* FED. R. CIV. P. 3 ("[a] civil action is commenced by filing a complaint with the court."). But "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). In this case, the Motion for Injunctive Relief and Memorandum of Law, liberally construed, include enough information to constitute a

1

Complaint. As such, the Court construes the Motion for Injunctive Relief and Memorandum of Law (hereinafter, collectively referred to as "Complaint") as both a complaint and a motion for a temporary restraining order ("TRO") and/or preliminary injunction.[1]

Before addressing Plaintiff's request for injunctive relief,[2] the Court must review the Complaint under 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### PRELIMINARY MATTER – FILING FEE

Plaintiff has not paid the $400 filing fee in this case, nor has he sought leave to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. § 1914(a). As a matter of course, the Clerk of Court has sent notice that Plaintiff has 30 days to either pay the fee or move for IFP status. (Doc. 2). Regardless, because Plaintiff seeks immediate emergency injunctive relief, the Court will take up the case now. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012). Plaintiff must, however, still meet his obligations with regard to the filing fee. To be clear, Plaintiff must either pay the $400 filing fee or submit a motion for leave to proceed IFP in this action, together with his inmate trust fund account statement for the six-month period prior to the filing date of this case (October 1, 2018 to April 4, 2019), no later than **May 6, 2019**. If Plaintiff fails to either pay

---

[1] The Clerk of Court is **DIRECTED** to rename the pleading at Doc. 1 as follows: Complaint and Motion for Temporary Restraining Order and/or Motion for Preliminary Injunction by Julio Chavez.

[2] It is clear from the documents submitted that Plaintiff is seeking injunctive relief (Doc. 1). Unfortunately, however, the Court cannot discern whether he is also seeking money damages. But the failure to specify the relief requested is not a ground for dismissal. *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002). Plaintiff is entitled to relief even if he "has not demanded such relief in [his] pleadings." *Id*. (quoting *Holt Civic Club v. City of Tuscaloosa*, 439 U.S. 60, 65-66 (1978)). Whether Plaintiff is also seeking monetary damages can be clarified at a later date. *Id.*

or submit his IFP motion, this action shall be subject to dismissal for failure to comply with an order of the Court. *See* FED. R. CIV. P. 41(b).

### THE COMPLAINT

Initially, the Court notes that, although the body of the Complaint directs claims against several individuals, the case caption[3] identifies only two defendants, Health Care Administrator Lori Cunningham and Wexford Health Sources, Inc. ("Wexford"). Plaintiff makes the following allegations: On December 28, 2018, Plaintiff was attacked by a fellow inmate resulting in extensive injuries to his face (Doc. 1, p. 1). Plaintiff was seen by nurses who stated that his nose was broken and that the following day he would need to go to an outside hospital for proper treatment. *Id.* The next day Plaintiff returned to the Health Care Unit (HCU) and was seen by a doctor. (Doc. 1, p. 2). Plaintiff complained that it was hard for him to breath, eat, and sleep. *Id.* The doctor confirmed his nose was indeed broken, but stated that she was not going to put his nose back into place and that "there was no cure for a broken nose." *Id.* Plaintiff was to be treated with nose spray and pain pills. *Id.*

Plaintiff continues to suffer from nose bleeds, double vision, loss of hearing, pain in his nose, eyes, and head, and he has difficulty breathing. *Id.* Plaintiff also finds it difficult to sleep due to all of these symptoms. *Id.* Additionally, his nose remains out of place. *Id.* Plaintiff has submitted multiple request slips to the HCU about his symptoms and pain and also complained to staff, but his requests have been ignored. *Id.*

---

[3] The Court treats the first page of Plaintiff's Memorandum of Law as the case caption. (Doc. 1, p. 5).

## PRELIMINARY DISMISSALS

**Claims Against Individuals Not Identified as Defendants**

As a preliminary matter, the Complaint includes a number of allegations suggesting that various prison officials have displayed and/or are displaying deliberate indifference to Plaintiff's serious medical needs. These individuals, however, are not identified as defendants in the case caption.[4] (Doc. 1, p. 5). The Court will not treat parties not listed in the caption as defendants, and any claims against them are dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").

**Wexford Health Sources, Inc.**

To state a claim against Wexford, Plaintiff must demonstrate that the alleged wrongdoers acted pursuant to an unconstitutional policy or custom attributable to Wexford. *See Jackson v. Ill. Medi–Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir.2004); *Gable v. City of Chicago,* 296 F.3d 531, 537 (7th Cir.2002). Here, Plaintiff has not alleged any policy or custom attributable to Wexford, and he has not claimed that any act by Wexford led to the deprivation of his rights. Therefore, any intended claims against Wexford are dismissed without prejudice.

## DISCUSSION

Based on the allegations of the Complaint, the Court designates a single claim:

**Count 1 –**     **Eighth Amendment claim against Cunningham for deliberate indifference to medical needs.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

---

[4] Including the phrase "et., al." in the case caption does not sufficiently identify any of these individuals as being defendants in the case.

**Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[5]

The Eighth Amendment has been held to prohibit deliberate indifference to a prisoner's serious medical need. To state a claim for deliberate indifference to a serious medical need, an inmate must show (1) that he suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016).

Plaintiff alleges that Cunningham, as Administrator of the HCU, is responsible for scheduling medical appointments outside the prison (Doc. 1, p. 3). This allegation, standing alone, is not enough to suggest personal involvement in the alleged constitutional violation. Liability under Section 1983 requires personal involvement in or responsibility for a constitutional deprivation. *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). A defendant must have caused or participated in the violation of Plaintiff's constitutional rights. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Furthermore, Cunningham cannot be held liable merely because she is an administrator or supervisor. *See Palmer v. Marion Cnty*, 327 F.3d 588, 594 (7th Cir. 2003); *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) ("§ 1983 does not allow actions against individuals merely for their supervisory role of others"). The Court notes, however, that an attached Offender's Grievance (Doc. 1-1, p. 8) states that a doctor in HCU submitted an "urgent request" to Cunningham that Plaintiff should go to an outside hospital and that such request was denied by Cunningham. *Id*. Furthermore, according to the grievance, Cunningham stated, "boxers fight and get their noses broken all the time and they still fight like that." *Id*. Cunningham is also quoted as believing that Plaintiff's problem was cosmetic and that if he still "feels bad"

---

[5] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

after six months' time then he might be sent to a hospital." *Id.* At this early stage, these additional details are enough to meet the elements of a deliberate indifference claim. Plaintiff claims that his broken nose involves chronic and substantial pain and has been "diagnosed by a physician as mandating treatment." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). Furthermore, Plaintiff alleges that Cunningham knew of facts from which she could infer that a substantial risk of serious harm exists, meeting the deliberate indifference requirement. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, at 837 (1994)). Additionally, Cunningham's remarks about waiting six months for outside treatment could also be seen as deliberate indifference because "[d]elaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). Therefore, Count 1 will proceed past threshold.

**MOTION FOR TRO/PRELIMINARY INJUNCTION**

As previously noted, Plaintiff is seeking a TRO and/or Preliminary Injunction. A TRO is an order issued without notice to the party to be enjoined that may last no more than fourteen days. *See* Fed. R. Civ. P. 65(b)(2). A TRO may issue without notice: only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

The same legal analysis is used to determine whether a TRO or a preliminary injunction is warranted. A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972

(1997) (quoting 11A Charles Alan Wright, Arthur R Miller, & Mary Kay Kane, Federal Practice and Procedure §2948 (5th ed. 1995)). The purpose of an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). A plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *Planned Parenthood v. Commissioner of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012).

Without expressing any opinion on the merits of Plaintiff's other claims for relief, the Court concludes that a TRO should not be issued in this matter. Plaintiff's Complaint does not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*. Plaintiff requests a TRO to prevent "suffering irreparable harm" and increasing risk to health and safety (Doc. 1, p. 2). Grievances attached to the Complaint indicate that he has seen a doctor within the last month (Doc. 1-1, p. 8). The Court observes that by Plaintiff's own admission he is receiving medical treatment. Although further treatment might be required, there does not appear to be an emergency that must be addressed before defendants can be heard. As such, a TRO is not warranted, and the request is **DENIED.** The Court **DEFERS** ruling on Plaintiff's request for a preliminary injunction. Further, because Plaintiff's claims regarding a possible head injury are concerning, the Court will address the matter in an expedited fashion. **A hearing on the request for a preliminary injunction and an order directing Defendants to respond to the motion will be addressed in a separate court order**.

### WARDEN OF LAWRENCE

Because Plaintiff is seeking injunctive relief, the Clerk shall be **DIRECTED** to add the warden of Lawrence, Dr. Deanna Brookhart, in her official capacity, as a defendant in this action.

*See* FED. R. CIV. P. 17(d) & 21; *Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

## DISPOSITION

**IT IS ORDERED** that the Complaint, which includes **COUNT 1,** shall proceed against **LORI CUNNINGHAM** in her individual capacity. In addition, the Clerk of Court is **DIRECTED** to add **WARDEN DR. DEANNA BROOKHART** (official capacity only) for the purpose of implementing any injunctive relief that is ordered.

The Clerk of Court is also **DIRECTED** to **RENAME** the pleading at Doc. 1 as follows: Complaint and Motion for Temporary Restraining Order and/or Motion for Preliminary Injunction by Julio Chavez.

**IT IS ORDERED** that Plaintiff's request for a temporary restraining order is **DENIED** without prejudice, but Plaintiff's request for a preliminary injunction is **DEFERRED**.

**IT IS ORDERED** that the Clerk of Court shall prepare for **CUNNINGHAM** (individual capacity) and **BROOKHART** (official capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer can be found at the work address

provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS ALSO ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** April 8, 2019

_____
 **NANCY J. ROSENSTENGEL**
 **Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.