IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIO CHAVEZ, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-00377-NJR |
| LORI CUNNINGHAM, *Health Care Administrator*, and DEANNA BROOKART, *Acting Warden*, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On April 4, 2019, as part of his Complaint (Doc. 1), Chavez requested a temporary restraining order and/or preliminary injunction. On April 8, 2019, an Order was entered pursuant to 28 U.S.C. §1915A setting forth Chavez's claim for deliberate indifference to medical needs in violation of the Eighth Amendment. (Doc. 3). The Court denied Chavez's request for a temporary restraining order but directed Defendants to respond to his request for a preliminary injunction. (Doc. 3, p. 7; Doc. 4). Defendants filed a response (Doc. 15) on April 24, 2019. The Court held a hearing on the motion on May 1, 2019.

### BACKGROUND

Chavez's Complaint and motion for preliminary injunction (Doc. 1) allege that he has been denied adequate medical care and that Cunningham, the Health Care Unit

1

Administrator, has been deliberately indifferent to his serious medical needs. Chavez continues to suffer from extensive face and head injuries sustained when he was attacked by a fellow inmate on December 28, 2018 (Doc. 1, p. 1). Chavez was seen that day by nurses who stated that his nose was broken and that the following day he would need to go to an outside hospital for proper treatment. *Id.* The next day a doctor at the Health Care Unit (HCU) confirmed his nose was broken, but stated that she was not going to put his nose back into place and that there was no cure for a broken nose. (Doc. 1, p. 2, Doc. 1-1, p. 2). Chavez was to be treated with nose spray and pain pills. *Id.*

Chavez filed an emergency grievance on January 1, 2019, but his grievance was determined to be a nonemergency. *Id.* Chavez allegedly continues to suffer from nose bleeds, double vision, loss of hearing, pain in his nose, eyes, and head, and he has difficulty breathing. (Doc. 1, p. 2). Chavez also finds it difficult to sleep due to all of these symptoms. *Id.* Additionally, his nose remains out of place. *Id.* Chavez has submitted multiple request slips to the HCU about his symptoms and pain and also complained to staff, but his requests have been ignored. *Id.*

Although not mentioned in the Complaint, in an attached Offender's Grievance (Doc. 1-1, p. 8), Chavez claims that a doctor in HCU submitted an "urgent request" to Cunningham that Chavez should go to an outside hospital and that the request was denied by Cunningham. *Id.* Furthermore, according to the Grievance, Cunningham stated, "boxers fight and get their noses broken all the time and they still fight like that." *Id.* Cunningham is also quoted as believing that Chavez's problem was cosmetic and that if he still "feels bad" after six months' time then he might be sent to a hospital." *Id.*

In Defendants' response (Doc. 15), it is argued that Cunningham has not been deliberately indifferent to Chavez's medical needs and that he is receiving appropriate medical treatment by the medical staff at Lawrence. (Doc. 15, p. 2-3). Chavez has had several appointments from the time the injuries occurred until April 8, 2019, which included referrals to an ENT, audiology, and radiology. (Doc. 15, pp. 3-4).

## ANALYSIS

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R Miller, & Mary Kay Kane, Federal Practice and Procedure §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). A plaintiff has the burden of demonstrating:

1. a reasonable likelihood of success on the merits;
2. no adequate remedy at law; and
3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012).

As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once a plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the

public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665. In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

## Discussion

As fully explained on the record at the May 1 hearing, the Court finds that Chavez is not entitled to a preliminary injunction at this time. In addition to the documentation demonstrating several medical visits submitted by Defendants (*See* Doc. 15-2), Chavez testified that he has received treatment since filing the Motion for Preliminary Injunction and that he saw a doctor as recently as April 22, 2019. Testimony provided by Dr. Lynn Pittman and Administrator Cunningham revealed that, although Collegial Review denied Dr. Pittman's request to refer Chavez to an ENT, alternative treatment is being pursued. And, if necessary, Dr. Pittman may ask Collegial to reconsider its decision. Further, according to Dr. Pittman's testimony, Chavez's fracture is healing, and he is scheduled to see an audiologist in June. Because the Court is satisfied that Chavez is being provided treatment for his injuries, the Court finds no evidence of deliberate indifference to a serious medical need that would warrant a preliminary injunction.

## CONCLUSION

For the reasons stated on the record and summarized in this Order, the Court **DENIES** the motion for preliminary injunction (Doc. 1).

**IT IS SO ORDERED.**

**DATED: 5/1/2019**

							_____
							**NANCY J. ROSENSTENGEL**
							**Chief U.S. District Judge**