IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| JULIO CHAVEZ, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 19-cv-377-RJD |
| LORI CUNNINGHAM, SARA STOVER, DEE DEE BROOKHART, and STEPHEN RITZ M.D., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

The matter is before the Court on the Motions for Summary Judgment for Failure to Exhaust Administrative Remedies (Docs. 44, 57) filed by Defendants. Plaintiff filed an Affidavit (Doc. 47) in response to the first motion seeking a stay and a second Affidavit (Doc. 61) in response to the second motion which contained, in part, a substantive response. For the following reasons, the motion filed by Defendants Cunningham and Brookhart will be **GRANTED IN PART** and the motion filed by Defendants Stover and Ritz will be **DENIED**.

BACKGROUND

Plaintiff Julio Chavez, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center ("Lawrence"). Plaintiff proceeds on the following claim:

> **Count 1:** Eighth Amendment claim against Cunningham, Stover, and Ritz for deliberate indifference to medical needs.[1]

---

[1] Defendant Dee Dee Brookhart was added in her official capacity as Warden in order to carry out any injunctive relief that may be ordered.

Defendants filed motions for summary judgment asserting Plaintiff failed to properly exhaust his administrative remedies prior to filing this lawsuit. Specifically, Defendant Cunningham contends Plaintiff did not name or identify her in any grievance he filed, and he did not properly exhaust his administrative remedies prior to filing suit. Defendants Stover and Ritz contend the only grievance Plaintiff filed and appealed to the ARB before filing suit did not notify the prison that Plaintiff had a complaint about Stover or Ritz. In response, Plaintiff asserts the Court should look at the date he filed his Motion for Leave to File an Amended Complaint (Doc. 32, filed August 8, 2019), rather than the date he filed his initial Motion for Preliminary Injunction (Doc. 1, filed April 4, 2019) which the Court construed as a Complaint, in order to determine whether he exhausted his administrative remedies prior to filing suit.

The Court reviews the following relevant grievance contained in the record.

**January 1, 2019, #1-19-38** (Doc. 45-1 at 45-46): This grievance was filed as an emergency. Plaintiff states that he was taken to the health care unit on December 28, 2018, after being attacked by another inmate. He was seen by two nurses who acknowledged his nose was broken and opined he needed to go to an outside hospital but that he could not go until the following day. Plaintiff mentions Lt. Hough in the grievance stating he was supervising his movement in and out of the health care unit. Plaintiff returned to the health care unit the following day to see the doctor who also acknowledged he had a broken nose. She indicated he would not be sent out because there was no cure for a broken nose. Plaintiff was given pain medication. Plaintiff grieves that he is in pain and that the medication is not providing relief. He also states he is suffering from nose bleeds and it is difficult for him to eat, breath, and sleep. The requested relief was treatment for his broken nose and internal injuries.

The grievance was reviewed by the CAO on January 3, 2019, and determined it was not an emergency. The grievance was submitted through the normal grievance process and Plaintiff received a response from a counselor on February 14, 2019. The Counselor contacted the health care unit administrator who responded that Plaintiff had been and continues to be treated by a licensed Illinois physician within the community standards of care and that Plaintiff had x-rays scheduled for March 12, 2019 and medication prescribed. On March 18, 2019, the grievance was received by the Grievance Officer. On March 25, 2018, the Grievance Officer recommended the grievance be found moot as Plaintiff was continually being seen and treated, he had been approved for x-rays, and was prescribed medication. On March 28, 2019, the CAO concurred. On April 25, 2019, the ARB denied Plaintiff's appeal finding the issue was appropriately addressed by the facility Administration (Doc. 45-4 at 10).

Defendants assert this grievance does not serve to exhaust his administrative remedies as it was reviewed by the ARB after he filed suit on April 4, 2019.

**January 29, 2019, #2-19-141** (Doc. 45-1 at 43-44): Plaintiff states on December 28, 2018, he arrived in the health care unit after receiving multiple punches and kicks to the face. He was seen by nurses who told him he would go to the hospital but that he would have to wait until the next day because the doctor needed to send him and was not there at the moment. Plaintiff also states he had a deep cut to his nose. Plaintiff grieves the only care provided by the nurses was to wipe his nose, put a band-aid on it, and give him ibuprofen. Plaintiff was sent back to his cell and nobody checked on him throughout the night. His nose continuously bled through the night. The following morning, Plaintiff was seen by Nurse Practitioner Sarah who changed his band-aid and informed him he did not need to go to the hospital because there is no "reset" for his

nose.  Plaintiff was sent back to his cell.  Plaintiff was seen a second time that day by NP Sarah at which time she checked his vitals and told him his face and injuries looked fine.  He informed her he was having a difficult time breathing, especially when he tried to sleep, and that his head and eyes ached, and he was suffering from double vision.  He complained the medication was not relieving his pain.  Plaintiff states that he is still suffering from double vision and constant pain and that he has sent multiple requests to the health care unit but was not receiving treatment.  The requested relief was to receive proper medical treatment and to hold Nurse Sarah accountable for improper medical treatment and negligence.

On March 12, 2019, the Counselor responded that this grievance was a duplicate of grievance #1-19-38.  There is no further documentation regarding this grievance.

Defendants assert this grievance did not serve to exhaust Plaintiff's administrative remedies because it was a duplicate of #1-19-38 which was not reviewed by the ARB until after he filed suit on April 4, 2019

**February 7, 2019, #2-19-147** (Doc. 45-1 at 38-39):   Plaintiff grieves receiving discipline for the December 28, 2018 altercation.   Plaintiff asserts he was the victim of an attack and suffered injuries and should not have received discipline for the incident.

On February 11, 2019, the Grievance Officer reviewed Plaintiff's grievance and recommended it be denied.  On February 13, 2019, the CAO concurred.  The ARB received Plaintiff's appeal on February 22, 2019.  On March 4, 2019, the ARB denied the appeal finding the issue was appropriately addressed by facility Administration.

Defendants assert this grievance did not serve to exhaust Plaintiff's Administrative remedies because it did not pertain to his medical treatment.

**March 8, 2019, #3-19-275** (Doc. 45-4 at 8-9): Plaintiff grieves that on 2/6/19, 2/8/19, 2/13/19, 3/1/19, and 3/8/19, his health care appointments were cancelled by Nurse Practitioner Sarah and COs who marked that he refused the appointments. Plaintiff complains the appointments were cancelled in retaliation for him filing grievances #1-19-38 and #2-19-141. Plaintiff grieves he was being denied proper medical care.

On April 11, 2019, the Counselor responded that she was unable to substantiate his complaints of staff conduct regarding cancelled appointments. She also noted that per the Health Care Unit Administrator, he was last seen in the health care unit on 4/8/19. On April 26, 2019, the grievance was received by the Grievance Officer who responded on April 29, 2019. The Grievance Officer noted Plaintiff had been seen by licensed medical providers in 2019 on the following dates: 1/7/19, 1/8/19, 1/11/19, 2/11/19, 2/15/19, 2/26/19, 3/1/19, 3/6/19, 3/12/19, 4/1/19, 4/5/19, and 4/8/19. The Grievance Officer recommended the grievance be found moot as he was being seen on a regular basis. On May 1, 2019, the CAO concurred. The ARB received this grievance on May 15, 2019 and denied his appeal, finding the issue was appropriately addressed by the facility Administration.

Defendants assert this grievance does not serve to exhaust his administrative remedies as it was reviewed by the ARB after he filed suit on April 4, 2019.

**March 27, 2019, #3-19-477** (Doc. 45-4 at 4-5): Plaintiff states this is his third grievance regarding his serious medical problems that started on December 28, 2018. Plaintiff complains that he is still suffering from eye pain, difficulty breathing, dizziness, double vision, and difficulty sleeping. Plaintiff states he was seen by Dr. Lynn A. Pittman on March 1, 2019. Pittman put in a request to send him to an outside hospital for further evaluation and Dr. Ritz denied the request.

The requested relief was for a copy of his medical records and to receive proper medical treatment.

On April 1, 2019, the Counselor responded that he could send a request slip for copies of his medical records and that the health care unit verified he was currently being seen and treated. On April 26, 2019, the grievance was received by the Grievance Officer who recommended the grievance be found moot as he was being seen and treated by the health care unit and his request for medical records had been received and would be processed within 30 days. On May 1, 2019, the CAO concurred. The ARB received Plaintiff's appeal of this grievance on May 15, 2019. The ARB determined there would be no further redress because the office had previously addressed the issue on April 25, 2019, when it responded to grievance #1-19-38.

Defendants assert this grievance does not serve to exhaust his administrative remedies as it was reviewed by the ARB after he filed suit on April 4, 2019.

After a careful review of the arguments and evidence set forth in the parties' briefs regarding the issue of exhaustion, the Court determined that an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) is not necessary.

### LEGAL STANDARD

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Pursuant to 42 U.S.C. § 1997e(a), inmates are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within two months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

## ANALYSIS

All Defendants assert Plaintiff failed to exhaust his administrative remedies prior to filing suit. Additionally, Defendant Cunningham asserts she was not named or identified in any grievance filed by Plaintiff. Plaintiff responded that he initially filed a "Motion for Injunctive Relief" and that he did not technically file a complaint until he filed the Motion for Leave to File Amended Complaint (Doc. 32) on August 8, 2019. Plaintiff argues by August 8, 2019, the ARB had responded to his last grievance #3-19-477 and he had fully exhausted his administrative remedies.

The Court determined Plaintiff's original filing served as a Complaint against Defendant Lori Cunningham (See Doc. 3). The date Plaintiff filed suit against Cunningham was April 4, 2019. Plaintiff did not receive a response from the ARB regarding his initial grievances until April 25, 2019. Plaintiff failed to exhaust his administrative remedies as to his complaints against Cunningham prior to filing suit. Defendant Cunningham is entitled to summary judgment on the failure to exhaust administrative remedies.

Plaintiff did not pursue claims against Defendants Stover and Ritz until he sought leave to amend his complaint on August 8, 2019. By August, Plaintiff had exhausted grievance #3-19-275, which specifically identified Nurse Practitioner Sara Stover, and #3-19-477 which specifically identified Dr. Ritz. Defendants Stover and Ritz are not entitled to summary judgment on failure to exhaust administrative remedies.

Defendant Brookhart was added in her official capacity for purposes of implementing any injunctive relief. The issue of injunctive relief remains at issue; therefore, Defendant Brookhart will remain a Defendant in the case.

## CONCLUSION

Based on the foregoing, the Motion for Summary Judgment based on Plaintiff's Failure to Exhaust Administrative Remedies filed by Defendants Cunningham and Brookhart (Doc. 44) is **GRANTED IN PART**, the Motion for Summary Judgment based on Plaintiff's Failure to Exhaust Administrative Remedies filed by Defendants Stover and Ritz (Doc. 57) is **DENIED**, and Plaintiff's claims against Defendant Cunningham are **DISMISSED WITHOUT PREJUDICE.** The Clerk shall enter judgment accordingly.

Plaintiff proceeds in this case on the following claim:

Count 1: Eighth Amendment claim against Stover and Ritz for deliberate indifference to medical needs.[2]

**IT IS SO ORDERED.**

**DATED:  January 23, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

---

[2] Dee Dee Brookhart remains a Defendant in her official capacity as Warden in order to carry out any injunctive relief that may be ordered.