IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIO CHAVEZ, #Y-32297, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-377-RJD |
| ) | |
| DEE DEE BROOKHART, STEPHEN RITZ, ) | |
| and SARAH STOVER, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion for Judgment on the Pleadings filed by Defendant Dee Dee Brookhart (Doc. 112). In April 2019, Plaintiff was incarcerated within the Illinois Department of Corrections at Lawrence Correctional Center when he filed this suit pursuant to 42 U.S.C. §1983, alleging that prison officials were deliberately indifferent to his serious medical condition in violation of the Eighth Amendment to the U.S. Constitution (Doc. 3). After screening his initial pleading (a motion for temporary restraining order) pursuant to 28 U.S.C. §1915A, the Court allowed Plaintiff to proceed and also added Dee Dee Brookhart as a defendant in her official capacity only for the purpose of carrying out injunctive relief.

Plaintiff then filed a First Amended Complaint in August 2019 (Doc. 37). Defendant Brookhart remained a defendant for the purpose of implementing any injunctive relief. Defendant Brookhart now asks the Court to grant her judgment on the pleadings and dismiss her with prejudice because Plaintiff has been released from prison (Doc. 112). Plaintiff did not file a Response.

The Court agrees that because Plaintiff has been released from prison, his claim for injunctive relief is moot.  *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012).  The problem, however, is that Defendant Brookhart asks the Court to grant her judgment on the pleadings, which is only appropriate if "the complaint, the answer, and any written instruments attached as exhibits" conclusively show that "the nonmovant cannot prove facts sufficient to support its position." *Federated Mut. Ins. Co. v. Coyle Mechanical Supply, Inc.*, 983 F.3d 307, 312-13 (7th Cir. 2020) (internal citations and quotations omitted). Neither the First Amended Complaint nor the Answers (or attachments to the Complaint or Answers) show that Plaintiff has been released from prison; Plaintiff was in prison when both complaints and all answers were filed (Docs. 37, 43, 52). Therefore, even though Plaintiff did not object, Defendant's Motion for Judgment on the Pleadings is denied.

Regardless, the Court has "'a constitutional obligation to resolve the question of mootness' and address it *sua sponte* if needed.'" E.F.L. v. Prim, 986 F.3d 959,  962-63 (7th Cir. 2021). Certainly, all parties agree that Plaintiff is no longer in prison. A physician outside of the Department of Corrections has examined and treated Plaintiff since his release, and that examination was the subject of several motions (Docs. 86 and 104).  In response to one of those motions, Plaintiff's counsel explained that Plaintiff had testified at his deposition that he was released from custody in September 2020 (Doc. 89).  The Court presumes that Plaintiff does not object to Defendant Brookhart's dismissal, but of course will not dismiss a party based on presumption.  If Plaintiff *does* have an objection to Defendant Brookhart's dismissal, he is ordered to SHOW CAUSE on or before June 6, 2022 why his claim for injunctive relief against Dee Dee Brookhart should not be dismissed.

**IT IS SO ORDERED.**

**DATED: May 23, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**